UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
JAMES MULLEN and KARL SCHMIDT,

                       Plaintiffs,

   -v-                                               5:10-CV-1110

THE CITY OF SYRACUSE; STEPHANIE A.
MINER, Mayor; FRANK L. FOWLER, Chief
of Police; JUDY CULETON, Director of Human
Resources; and JOHN and JANE DOES,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                            OF COUNSEL:

BOSMAN LAW OFFICE               A.J. BOSMAN, ESQ.
Attorney for the Plaintiffs
6599 Martin Street
Rome, NY 13440

CITY OF SYRACUSE                  JENNIFER E. SAVION, ESQ.
  CORPORATION COUNSEL
Attorneys for the Defendants
233 East Washington Street
Room 301 City Hall
Syracuse, NY 13202

COUGHLIN, GERHART LAW FIRM     MARY LOUISE CONROW, ESQ.
Attorneys for the Defendants
P.O. Box 2039
19 Chenango Street
Binghamton, NY 13902

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

I. **INTRODUCTION**

Plaintiffs James Mullen ("Mullen") and Karl Schmidt ("Schmidt"), disabled and retired Syracuse police officers, bring this action against defendants for violation of their due process rights under the Fourteenth Amendment. Specifically, plaintiffs allege that defendants deprived them of their vested property interest in ongoing medical care without notice or an opportunity to be heard. Plaintiffs seek monetary, injunctive, and declaratory relief.

Defendants have moved for dismissal of the action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that there was no due process violation because plaintiffs had an adequate post-deprivation remedy in the form of an Article 78 proceeding. Defendants also seek dismissal pursuant to 12(b)(1), asserting that the district court does not have subject matter jurisdiction because the matter must be resolved by an Article 78 proceeding in state court. Plaintiffs oppose the motion to dismiss and have filed a cross-motion seeking leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15. Defendants oppose plaintiffs' cross-motion, asserting that the proposed amendments would be futile.

II. **FACTUAL BACKGROUND**

The following facts, taken from the complaint, are accepted as true for the purposes of this motion to dismiss. See Cooper v. Pate, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

Both plaintiffs were injured while on duty as Syracuse police officers. As a result of their injuries, plaintiffs were declared disabled and began receiving medical treatment that

was paid for by the City of Syracuse ("the City") pursuant to New York General Municipal Law § 207-c. Section 207-c requires a municipality to pay all medical expenses for police officers who were injured on the job, even after such officers retire.[1] However, in September 2009 the City adopted a new policy limiting the medical benefits available to plaintiffs and effectively preventing access to the ongoing medical care they require. Plaintiffs did not receive notice or an opportunity to be heard before this policy took effect. On August 30, 2010, Schmidt was advised that the City would no longer pay for his chiropractic treatment and physical therapy unless he obtained prior authorization from the City.

## III. DISCUSSION

### A. Motion to Dismiss—Legal Standard

To survive a 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). Although a complaint need only contain "a short and plain statement of the claim showing the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009).

Dismissal is appropriate only where plaintiffs fail to provide some basis for the allegations that support the elements of their claims. See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974 (requiring "only enough facts to state a claim to relief that is plausible on its face"). When considering a motion to dismiss, the complaint is to be construed liberally, and

---

[1] The City elected not to participate in the state Workers' Compensation program and is instead self-insured.

all reasonable inferences must be drawn in the plaintiffs' favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

### B. Due Process Claim

In order to survive a motion to dismiss a due process claim under section 1983, a plaintiff "must allege the deprivation of a constitutionally protected interest." Abramson v. Pataki, 278 F.3d 93, 99 (2d Cir. 2002); see Bernheim v. Litt, 79 F.3d 318, 322 (2d Cir. 1996) ("To state a cause of action under the due process clause, a plaintiff must show that she has a property interest, created by state law, in the employment or the benefit that was removed.").

Nowhere in the motion to dismiss papers do defendants dispute that plaintiffs, who had been receiving full medical benefits per § 207-c prior to the policy change, had a vested property interest in these benefits. Indeed, it was at oral argument on January 13, 2010, that defendants first suggested plaintiffs did not possess such an interest. Defendants are wrong. It is undisputed that Schmidt and Mullen qualified for and were already receiving benefits through § 207-c. These benefits are clearly created by state law and constitute a protected property interest. See Russell v. Dunston, 896 F.2d 664, 668–69 (2d Cir. 1990) (holding that "[t]he entitlement to disability retirement is a constitutionally protected property interest" and rejecting defendants' assertion that an Article 78 proceeding provides an adequate post-deprivation remedy); DeMasi v. Benefico, 567 F. Supp. 2d 449, 454 (S.D.N.Y. 2008) (noting that "it is well established under New York law" that a person receiving benefits per § 207-c enjoys a property interest); O'Neill v. Johnson, No. 94-CV-1210, 1996 WL 650675, at *7 (N.D.N.Y. Nov. 5, 1996) (McAvoy, C.J.) (finding that plaintiff who established that he qualified for § 207-c benefits thus possessed a "state created property interest").

The issue is therefore whether plaintiffs were deprived of this property interest without due process. In the motion to dismiss, defendants argue that the availability of an adequate post-deprivation remedy prevents, as a matter of law, a finding that plaintiffs' due process rights were violated.

**1. Post-Deprivation Remedy**

Defendants are correct that, under certain circumstances, due process is not violated when the state provides an adequate post-deprivation remedy such as an Article 78 proceeding. See Hudson v. Palmer, 468 U.S. 517, 531–32, 104 S. Ct. 3194, 3202–03 (1984); Locurto v. Safir, 264 F.3d 154, 172 (2d Cir. 2001). However, plaintiffs are equally correct that an adequate post-deprivation remedy only constitutes sufficient due process where the deprivation was unpredictable, a pre-deprivation process was impossible, and the officials' conduct was truly "unauthorized." Zinermon v. Burch, 494 U.S. 113, 136–38, 110 S. Ct. 975, 989–90 (1990); see also Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996) (a meaningful post-deprivation remedy satisfies due process where the deprivation was caused by random, unauthorized acts of state employees but not where the deprivation resulted from established state procedures).

Indeed, "[i]n situations where a government actor is acting pursuant to established state regulation, and therefore the act is a foreseeable result, some minimal pre-termination proceeding is required." DeMasi, 567 F. Supp. 2d at 455 (plaintiff was entitled to notice and a limited opportunity to be heard prior to termination of § 207-c benefits; the availability of a post-deprivation Article 78 proceeding was insufficient due process because the deprivation was a result of state regulation). It has been further noted that "deprivation of an interest without prior process is permissible only in 'extraordinary situations'" such as where prompt

state action is necessary or a pre-deprivation process would be impractical. Kassim v. City of Schenectady, 255 F. Supp. 2d 32, 38 (N.D.N.Y. 2003), vacated in part on other grounds, 415 F.3d 246 (2d Cir. 2005).

Therefore, the issue necessarily becomes whether the defendants' actions were random and unauthorized or pursuant to established state procedure. Actions that deprive persons of a property interest are not random or unauthorized if they were taken by "high-ranking officials having final authority over the decision-making process." Id. at 38–39 (quoting Dwyer v. Regan, 777 F.2d 825, 833 (2d Cir. 1985)). Moreover, "decisions made by officials with final authority over significant matters, which contravene the requirements of a written municipal code, can constitute established state procedure." Dwyer, 777 F.2d at 832 (internal quotation marks omitted).

Defendants concede that "any change or denial of § 207-c benefits is a determination by the City of Syracuse, the Syracuse Police Department, and the Chief of Police." It is also reasonable to assume at this early stage of the litigation that defendant Miner, the Mayor of Syracuse, was involved in the policy change. Therefore, the actions and decisions made by these high-ranking defendants—and that put in place the policy that ultimately deprived plaintiffs of their property right—cannot be said to have been random or unauthorized. Further, it was foreseeable that reducing medical coverage available to retired, disabled employees would result in a deprivation like the one at issue here. Defendants do not argue that there was a need for prompt state action or that a pre-deprivation process was impossible. In fact, plaintiffs allege that the City already provides notice and an opportunity to be heard to officers who are being ordered back to work against their doctors' recommendation.

Therefore, plaintiffs have alleged sufficient facts to show that defendants acted per state regulation. A post-deprivation Article 78 proceeding alone is thus insufficient due process.

### 2. Amount of Process Due

Because plaintiffs were entitled to some sort of pre-deprivation process, it must be determined how much process was due. "An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S. Ct. 1487, 1493 (1985) (internal quotation marks and citation omitted). When a citizen's property right is deprived, "procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination." Locurto, 264 F.3d at 171.

The exact nature of the pre-termination process that was due need not be determined here as plaintiffs allege they did not receive any process whatsoever. At the very least they were entitled to notice and a "limited" opportunity to be heard.

In sum, plaintiffs have alleged sufficient facts to establish that they were entitled to pre-deprivation process of some sort before their access to ongoing medical care was deprived. This court has subject matter jurisdiction to hear a valid due process claim. Accordingly, defendants' motion to dismiss will be denied.

### C. Defendants' Reply Argument

In reply to plaintiffs' opposition to the motion to dismiss, defendants cite N.Y. State Nat'l Org. for Women v. Pataki ("NOW"), in which it was held that the availability of an Article 78 proceeding is a meaningful *pre*-deprivation remedy to satisfy due process. 261 F.3d 156,

168 (2d Cir. 2001). Defendants use this case to argue that there was no due process violation because plaintiffs could have instituted an Article78 proceeding *before* the deprivation. However, the facts as alleged in the instant matter render it distinguishable from NOW.

The NOW plaintiffs complained that they were denied due process by the defendants' protracted delay in processing their claims. Id. at 160. The court held that because plaintiffs could have instituted an Article 78 proceeding when the delay became "unreasonable", there was no due process violation.[2] Id. at 168. Plaintiffs here did not have a practical opportunity to institute an Article 78 proceeding to preserve their access to medical care. Indeed, they allege to have been deprived of this interest without any notice whatsoever. The NOW plaintiffs knew that their claims were pending and were not being processed in a timely fashion. There is nothing in the complaint to suggest that Schmidt and Mullen knew of the policy change before it deprived them of access to medical care. The NOW case is inapplicable.

### D. Plaintiffs' Cross-Motion to Amend

Plaintiffs seek to amend their complaint to include the following paragraphs:

(1) The City of Syracuse has no policy or procedure in place by which disabled police officers may challenge the suspension or termination of treatment and/or payment of medical expenses deemed necessary by their treating medical providers.

(2) Upon information and belief, final policy-making authority with respect to the suspension or termination of § 207-c benefits rests with the defendant Chief of Police.

---

[2] The court also determined that the only property interest the plaintiffs had was their legal claim itself, not the procedure available to pursue that claim. In contrast, Mullen and Schmidt claim that the defendants' actions deprived them of an actual property interest, not of the procedure to challenge that deprivation.

- 8 -

> (3) Upon information and belief, final policy-making authority with respect to the payment of § 207-c rests with either the Mayor and/or the Chief of Police.

Plaintiffs also seek to add Matthew Driscoll, former Mayor, and Gary Miguel, former Chief of Police, as defendants.

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave is properly denied if, inter alia, the proposed amendment would be futile or would result in undue prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). An amendment to a complaint is "futile" if the proposed claim would not withstand a motion to dismiss. Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

Plaintiffs' proposed amended complaint contains factual allegations that former Police Chief Miguel made decisions to suspend or terminate Mullen's physical therapy and that both Miguel and former Mayor Driscoll helped craft and adopt the policy that ultimately deprived plaintiffs of their property interest. Having already determined that the complaint adequately states a claim against the current defendants for similar conduct, the proposed amendments would also survive a motion to dismiss. Moreover, defendants do not identify any undue prejudice that they would suffer if leave to amend was granted. The proposed amendments do not add causes of action. Instead, they are directly related to the current due process claims. Accordingly, plaintiffs' cross-motion to amend will be granted.

## IV. CONCLUSION

There are sufficient factual allegations in plaintiffs' complaint to state a plausible claim that defendants deprived them of a property interest without adequate due process.

Further, plaintiffs' proposed amendments to the complaint are not futile and would not cause undue prejudice to the defendants.

Accordingly, it is

ORDERED that

1. Defendants' motion to dismiss is DENIED;

2. Plaintiffs' cross-motion to amend the complaint is GRANTED;

3. Plaintiffs shall file and serve the amended complaint on or before January 28, 2011; and

4. Defendants shall file an answer to the amended complaint on or before February 11, 2011.

IT IS SO ORDERED.

_____
United States District Judge

Dated: January 13, 2011
       Utica, New York.