UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JAMES MULLEN and KARL SCHMIDT, | **SECOND** |
| | **AMENDED COMPLAINT** |
| Plaintiffs, | |
| | Civil Action No.  5:10-CV-1110 |
| -against- | |
| | JURY TRIAL DEMANDED |
| THE CITY OF SYRACUSE, STEPHANIE A. MINER, in her individual and official capacity as Mayor of The City of Syracuse; FRANK L. FOWLER, in his individual and official capacity as Chief of Police for The City of Syracuse; JUDY CULETON, in her individual and official capacity as Director of the Human Resources Division of the Syracuse Police Department;  JOHN and JANE DOES; MATTHEW DRISCOLL, in his individual capacity as former Mayor of The City of Syracuse; GARY MIGUEL, in his individual capacity as former Chief of Police for The City of Syracuse;  SERGEANT RICHARD PERRIN, in his individual and official capacity as an Officer with the Human Resources Division of the Syracuse Police Department;  and POMCO Group a/k/a POMCO, Inc., individually and as an agent for The City of Syracuse, | |
| Defendants. | |

_____

   The Plaintiffs, James Mullen and Karl Schmidt, as and for their Second Amended Complaint against the Defendants, The City of Syracuse, Stephanie A. Miner, Frank L. Fowler, Judy Culeton, John and Jane Does, Matthew Driscoll, Gary Miguel, Richard Perrin, and POMCO Group a/k/a POMCO, Inc., individually and as an agent for The City of Syracuse, allege as follows:

**PRELIMINARY STATEMENT**

   1.  This is an action under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983.

-1-

2. Plaintiffs seek monetary damages as well as injunctive and declaratory relief.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in the Northern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. The Plaintiff James Mullen is a disabled, retired police officer for the City of Syracuse.

6. The Plaintiff, Karl Schmidt is a disabled, retired police officer for the City of Syracuse.

7. The Defendants, Frank Fowler, Stephanie Miner, Judy Culeton, John and Jane Does, Matthew Driscoll, Gary Miguel, Richard Perrin, and POMCO Group a/k/a POMCO, Inc. are or were agents and employees of The City of Syracuse charged with upholding the law and insuring that City Police Officers injured in the line of duty are provided medical care and treatment as required under the law and contracts with the Syracuse Police Department.

8. The Defendant, The City of Syracuse is a municipal corporation organized and existing under the laws of the State of New York. At all times hereinafter mentioned, The City of Syracuse and the individual Defendants acted under the color of New York State law. Upon information and belief, The City of Syracuse is self-insured and elected not to participate in the Workers' Compensation program.

9. POMCO Group a/k/a POMCO, Inc. is the agent of or was acting in concert with Defendant City of Syracuse and/or agents and/or employees of the City of Syracuse.

**FACTS**

10. The Plaintiff James Mullen was injured in the performance of his police officer duties and became disabled and continues to require medical treatment and care. He maintains a vested property interest in the payment of all costs associated with such treatment and care pursuant to New York General Municipal Law § 207-c ("§ 207-c").

11. The Plaintiff Karl Schmidt was injured in the performance of his police officer duties and became disabled and continues to require medical treatment and care. He maintains a vested property interest in the payment of all costs associated with such treatment and care pursuant to § 207-c.

12. Without warning, notice or opportunity to be heard, the Defendant The City of Syracuse terminated, restricted, and/or modified Plaintiffs' medical care and treatment.

13. Plaintiff Mullen was deprived of physical therapy even though he provided evidence of continued necessity from his medical provider and payment for such treatment was regularly made by the Defendant The City of Syracuse in the past. Plaintiff Mullen learned that The City of Syracuse had stopped paying his service provider much earlier, causing an interruption in his treatment. Upon information and belief, the decision to suspend and terminate Plaintiff Mullen's physical therapy was made by Defendant, then Chief of Police Gary Miguel.

14. Therein September, 2009, The City of Syracuse adopted an unlawful and new policy reducing medical benefits, purporting to adopt rates consistent with New York Workers' Compensation Law. Upon information and belief, The City of Syracuse is self-insured and elected not to participate in Workers' Compensation. Defendants further unlawfully demanded that Plaintiffs' service providers need their consent, not required under § 207-c. Upon information and

belief, Defendants Matthew Driscoll, Gary Miguel and John and Jane Does conspired to terminate or reduce § 207-c medical benefits for retired, disabled Police Officers. Thereafter, the Defendants adopted the aforementioned policy of paying reduced payments purportedly to be consistent with New York State Workers' Compensation rates and sending retired disabled Police Officers for evaluations and thereafter suspending and terminating their medical benefits. These policies have continued under Defendant Miner and current Chief of Police Fowler. Furthermore, the Defendants periodic reliance on and alleged application of New York State Workers' Compensation is upon information and belief inconsistent with New York State Worker's Compensation rules and benefits.

15. The limited payments for medical treatment and services adopted by Defendants are nominal and medical service providers do not accept such nominal amounts to perform their services, forcing Plaintiffs to finance or go without their medical treatment. Additionally, because The City of Syracuse will suddenly refuse payment for services other than those rendered by medical professionals, it has made it virtually impossible for these Plaintiffs to receive the medical treatment they have been receiving and to which they are entitled.

16. As a direct result of the reduced and nominal payment rates, Plaintiffs have been deprived of medically necessary medical treatments and therapy, benefits that were provided by The City of Syracuse as required under § 207-c on a continuing and regular basis.

17. Plaintiff Mullen did previously file a Workers' Compensation claim against the Defendant, The City of Syracuse attempting to receive a benefit thereunder for "scheduled loss of use" (lump sum compensation for loss) and that The Defendant City of Syracuse did oppose said claim on the basis that injured employees were not entitled to Workers' Compensation because they are covered under General Municipal Law § 207-c.

18. On May 24, 2002, the Legal Appeals Unit Workers' Compensation Panel issued a decision in favor of the Defendant The City of Syracuse holding that there is no entitlement to Workers' Compensation Benefits beyond those available to injured officers under General Municipal Law § 207-c.

19. On or after August 30, 2010, Plaintiff Schmidt was advised that the Defendants would no longer pay for "chiropractic and/or physical therapy" unless he secured "prior authorization" from them and only when he experiences "flare ups", regardless of that deemed necessary by Plaintiff Schmidt's treating medical provider. The Defendants' determination was made without due process and unlawfully interferes with Plaintiff's medical care. Upon information and belief, the decision to severely restrict Plaintiff Schmidt's chiropractic and/or physical therapy was made by Defendant Chief of Police Fowler.

20. Plaintiffs received regular care and treatment related to their work-related injuries and such treatment was heretofor paid and provided by The City of Syracuse. Accordingly, Plaintiffs have vested and protected property interests that cannot lawfully be deprived absent notice and an opportunity to be heard.

21. The City of Syracuse has unlawfully implemented a policy of depriving disabled Police Officers of their vested property interests in continued payment of all medical expenses necessitated by reason of an on-duty injury by, *inter alia*,

(a) unilaterally and without notice or opportunity to be heard, defaulting on payment of medical expenses to medical providers;

(b) soliciting and receiving sham medical evaluations and reports so as to suspend, restrict, and/or deny needed medical treatment;

(c) unilaterally and without notice or opportunity to be heard, interfering with medical treatment and suspending and refusing to pay medical expenses for treatment deemed necessary by officers' treating medical providers and which were compensated in the past without providing a means to challenge such action;

(d) paying less than the full amounts billed for by medical providers in contravention of § 207-c;

(e) adopting a payment schedule based upon rates under the N.Y. Workers' Compensation law while not participating in such program; and

(f) seeking to deny or interfere with Plaintiff's right to medical self-determination.

22. Upon information and belief, each Defendant personally participated and worked in concert with each other in devising, adopting, and implementing the unlawful policies set forth herein.

23. Upon information and belief, final authority over the suspension or termination of § 207-c benefits for City of Syracuse Police Officers rests with the Chief of Police.

24. Additionally, upon information and belief, final authority over the adoption of policies and procedures relative to medical treatment and § 207-c benefits rests with the Mayor and/or Chief of Police.

25. The City of Syracuse has no policy or procedure in place by which disabled Police Officers may challenge the suspension or termination of treatment and/or payment of medical expenses deemed necessary by their treating medical providers. This lack of policy deprives the Plaintiffs of their property interests in that they are not afforded an opportunity to contest the deprivation, suspension, termination or restriction of benefits.

26. Defendant POMCO with the other Defendants and/or acting as an agent of the remaining Defendants has interfered with the Plaintiffs' medical care, treatment, services, and prescriptions seeking to obtain personal and financial benefit or that of the other Defendants.

27. Defendant POMCO has made medical decisions and/or determinations regarding Plaintiffs' care, services, treatment and/or prescriptions resulting in Plaintiffs' loss of treatment, care, services and/or prescriptions. Such action has been adopted and/or accepted and/or encouraged by the remaining Defendants and have become the policies of the Defendant City.

## AS AND FOR A FIRST CAUSE OF ACTION
## PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

28. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 27 as if set forth fully herein.

29. Pursuant to § 207-c, the Plaintiffs have a protected property interest in the payment of "all medical treatment and hospital care" attributable to their on-the-job injuries.

30. Plaintiffs have been deprived of said property interest without due process of law inasmuch as the Defendant, The City of Syracuse has stopped and refused payment for therapy services and treatment attributable to qualifying on-the-job injuries of the Plaintiffs without warning, notice or opportunity to be heard.

31. As a result of the Defendants' unconstitutional actions, Plaintiffs have been deprived of needed and necessary medical treatment, suffered needless pain and suffering, emotional injury and harm, incurred legal fees and costs, and sustained other damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

32. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 31 as if set forth fully herein.

33. The Defendant, The City of Syracuse's new policy of paying nominal amounts applicable to Workers' Compensation matters deprives the Plaintiffs of their property interest in the payment of "all medical treatment and hospital care" under § 207-c.

34. Plaintiffs were not noticed nor given the opportunity to contest the Defendants' actions in this regard and such failure is a violation of their rights to due process under the law.

35. As a result of the Defendants' unconstitutional actions, Plaintiffs have been deprived of needed and necessary medical treatment, suffered needless pain and suffering, emotional injury and harm, incurred legal fees and costs, and sustained other damages.

## AS AND FOR A THIRD CAUSE OF ACTION
## PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

36. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 35 as if set forth fully herein.

37. Inflicting pain and suffering by denying and/or frustrating medical treatment for these loyal public servants who were injured in the line of duty and lawfully due benefits and medical treatment without affording them any process of any kind is outrageous and shocking and offends elementary notions of fair play and Constitutional rights. Plaintiffs have a constitutional right to receive medical care and make medical decisions without inference from Defendants. The Defendants' actions are blatant violations of these officers' rights provided under the Constitution and laws of the United States and State of New York. Upon information and belief, such unlawfulness is sufficiently outrageous to warrant liability under the Fourteenth Amendment's

substantive due process clause.

38. Plaintiffs' substantive due process rights have been violated and they are entitled to compensation therefor.

**AS AND FOR A FOURTH CAUSE OF ACTION
PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES
CONSTITUTION AND 42 U.S.C. § 1983**

39. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 38 as if set forth fully herein.

40. Pursuant to N.Y. Gen. Mun. Law § 207-a, The City of Syracuse is liable for payment of "all medical treatment and care" for disabled Fire Fighters with performance of duty injuries, including those who have retired.

41. Pursuant to N.Y. Gen. Mun. Law § 207-c, The City of Syracuse is liable for payment of "all medical treatment and care" for disabled Police Officers with performance of duty injuries, including those who have retired.

42. Upon information and belief, at all times relevant hereto, payments for medical care and treatment of retired disabled Fire Fighters of The City of Syracuse were not reduced or denied as they were for Plaintiffs and retired disabled Police Officers of The City of Syracuse.

43. Upon information and belief, the policy mentioned above of denying or paying reduced payments purportedly to be consistent with New York State Workers' Compensation rates and sending retired disabled Police Officers for evaluations and thereafter suspending and terminating their medical care and treatment was not implemented against retired disabled Fire Fighters.

44. Upon information and belief, there was and is no rational basis to warrant the

disparate treatment between retired disabled Fire Fighters of The City of Syracuse and the retired disabled Police Officers of The City of Syracuse.

45. Plaintiffs' Equal Protection rights have been violated and Plaintiffs have been harmed thereby and they are entitled to compensation therefor.

**AND FOR A FIFTH AND SIXTH CAUSE OF ACTION PURSUANT TO THE NINTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF THE STATE OF NEW YORK**

46. Plaintiffs repeats and re-alleges each and every allegation set forth in paragraphs 1 through 45 as if set forth fully herein.

47. Plaintiffs are entitled to the right to chose his medical providers and receive medical care without interference by Defendants.  Interference with Plaintiffs' medical treatment, providers, prescriptions and care; the denial and/or frustration of Plaintiffs' medical treatment, providers, services, prescriptions and care; and the denial and/or frustration of Plaintiffs' choice of medical treatment, providers, services, prescriptions and care are blatant violations of Plaintiffs' rights provided under the Ninth Amendment to the Constitution and laws of the United States and State of New York.   Upon information and belief, such unlawfulness is sufficient to warrant liability under the Ninth Amendment and the laws and Constitution of the State of New York.

48. Defendants' conduct constitutes an infringement upon Plaintiffs' right of privacy of a patient to be treated by physician and care providers of their own choice without government interference.

49. Plaintiffs' rights have been violated and they have been damaged thereby and are entitled to compensation therefor.

## AS AND FOR A SEVENTH CAUSE OF ACTION PURSUANT TO SECTION 1983: CONSPIRACY

50. Plaintiffs repeats and re-alleges each and every allegation set forth in paragraphs 1 through 49 as if set forth fully herein.

51.  The actions of the Defendants were done as part of a conspiracy to deprive Plaintiff s of  rights under the law and United States Constitution. The Defendants have and are also engaging in a conspiracy and/or acting in concert to *inter alia* deprive Plaintiffs of their property and interfere with their medical treatment and seek to receive personal and mutual benefit therefor.

52.  Defendants agree and seek each other to agree to *inter alia,* contact their doctors and providers with false and misleading information, smear their reputation, minimize their medical needs, and seek to misrepresent Plaintiffs' status to treatment providers in an effort to bolster their denial to Plaintiffs services and treatment, and to dictate services, care and treatment to gain financial benefit for eachother and themselves.

53.  Plaintiffs have suffered injury and damages thereby and are entitled to compensation therefor.

**WHEREFORE**, Plaintiffs respectfully request judgment against the Defendants as follows:

(a) judgment awarding each Plaintiff compensatory damages for each and every cause of action herein an amount not less than $1,000,000.00;

(b) granting injunctive relief restraining the Defendants from engaging in further violations of the Plaintiffs' rights;

(c) prejudgment interest on all amounts due;

(d)     attorney's fees and costs of suit under 42 U.S.C. § 1988;

(e)     declaratory relief that the Defendants have violated the Plaintiffs' rights under the law;

(f)     punitive damages; and

(g)     granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial of all claims herein.

Dated: September 29, 2011                s/A.J. Bosman
                                         _____

                                         A.J. Bosman, Attorney at Law

                                         Office and Post Office Address:
                                         6599 Martin Street
                                         Rome, New York 13440
                                         Telephone: (315) 336-9130

                                         Bosman Law Firm, L.L.C.
                                         Attorneys for Plaintiffs